Lewis, Ch. J.
delivered the opinion of the court. The effect and fulfilment of the warranty of neutrality, are the points on which the controversy between these parties principally turns. A distinction is set up between this and a general warranty of neutrality on account of the qualification, as it is termed, contained in the stipulation that proof if required, is to be made in New York. The design of introducing this clause in policies is notorious. It was to steer clear of the doctrine of the conclusiveness of foreign sentences, and cannot affect the essence of the warranty. The obligation of that must remain the same wherever the proof of performance may be exhibited. A warranty of neutrality, in a policy of insurance, imports, not merely that the property is neutral, but that it shall be accompanied on the voyage with all the accustomed documents(a) to insure it respect as such, within the laws of nations. And, although the question has never, to my knowledge, been decided, the same principle will.require that it be unaccompanied with any document that shall compromit its •aeutral character. Where the assured, by means of false papers, or by any other improper conduct, invests the *710 property with the double character of neutral [*565] and belligerant, *be his motives what they may, he subjects it to a risk against which the underwriter did not insure, and, of course, releases him from all responsibility. The assured stipulates, by his warranty, that the insurer shall be liable for a neutral risk alone. The instant, then, that he attempts to put him to the hazard of a belligerant risk, he forfeits, his claim to an indemnity. -Hor does the dictum cited from 2 Valin, if admitted in its broadest latitude, in the least shake this principle. For, although the underwriter may be bound to know the nature of a trade notoriously illicit, it does not follow that he is to be liable to the consequences of every ingenious device that may be resorted to as a cover for the property. But, were it otherwise, the doctrine of Valin would not apply to the case before us. The trade in which the Flora was engaged, was not notoriously illicit, for it is stated to have been sometimes permitted, at others prohibited. The underwriters appear to have intended to guard themselves against the consequences of an illicit trade, by excepting from the risk seizure or detention in port.
There is another circumstance in the present case which militates strongly against the plaintiff’s right to recover. It is a maxim that neutral commerce is to be conducted with good faith towards belligerants. Their rights are to be respected as well as those of neutral nations. It is not sufficient that a part only, but the whole property, covered by the policy, must be neutral. And if a cover is attempted for enemy's property, by an intermixture with neu • tral, it is held to subject the whole to confiscation. In the present instance it is stated that the homeward cargo was purchased with the proceeds of the outward. How the latter sold for 55,500 dollars, and the former cost 89,000 dollars. It was incumbent, then, on the assured to show that the excess was also American property. This might have been shown had the fact been so. It does not appear, however, that this was attempted. And, although *711 it was a question submitted to the jury, I think we are bound to say that, as to this, their verdict was against evidence.
The court is of opinion that the verdict ought to be. set aside, and a new trial awarded.
.New trial.

 To comply with a warranty of “neutral property," it must be accompanied with all papers and documents required by the treaties of the country to which it belongs necessary for its protection on the voyage insured. Baring v. Royal Ex. Ass. Co., 5 East, 99. If, therefore, a passport with the habitation of the captain be one, a passport with his name describing him as “master of the V. of A.” is a breach of the warranty. Baring v. Christie, 5 East, 398. But sailing with a sea letter, though without a register, if the vessel be otherwise sufficiently documented, is a compliance with the engagement. Barber V. Phoenix Ins. Co., 8 Johns. Rep. 307. No paper which will increase the risk, or falsify the warranty, must be on board. A letter, therefore, in sympathetic ink, stating the property to be in others than the insured is a violation of it. Canere v. Union Ins. Co., Cond. Marsh. 406, a (note.) So is any act or omission of the assured, or his agent, by claiming falsely, or omitting to claim. Calbraith v. Gracie, Cond. Marsh. 406, b. (note.) But if there be’nta warranty of the national character of a ship, she need, not be documented as'of the country to whicli she belongs. Dawson v. Atty, 7 East, 367. For the law as to documenting applies only to express warranties, and does not extend to those by implication. Etting v. Scott & Seaman, 2 Johns. Rep. 157.